SERVICE COPY

IN THE CIRCUIT COURT FOR SEQUATCHIE COUNTY, TENNESSEE

| | | |
|---|---|---|
| NORMA DEMPSEY,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART, INC. and WAL-MART STORES EAST, LP d/b/a WAL-MART SUPERCENTER #4226 a/k/a DUNLAP SUPERCENTER,<br><br>Defendants. | ) | Docket No. 2026 CV 21<br><br>JURY DEMAND |

FILED HP

FEB 11 2026

Circuit Court
Sequatchie Co., TN
Karen L. Millsaps, Clerk

## COMPLAINT

Comes now the Plaintiff, Norma Dempsey, by and through counsel, and hereby brings this cause of action for injuries and damages against the Defendants as hereinafter described:

1. Plaintiff Norma Dempsey is a resident of Sequatchie County, Tennessee 37327.
2. Defendant, Wal-Mart, Inc., is a foreign corporation authorized to do business in the State of Tennessee and can be served through its registered agent: C.T. Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.
3. Defendant, Wal-Mart Stores East, LP, is a foreign corporation authorized to do business in the State of Tennessee and can be served through its registered agent: C.T. Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.
4. On or about April 25, 2025, the Defendants owned, occupied, leased, maintained, controlled and/or operated a supercenter at 16773 Rankin Avenue, Dunlap, TN 37327, known as Wal-Mart Supercenter #4226 and/or Dunlap Supercenter.
5. On or about April 25, 2025, Plaintiff Norma Dempsey visited the above-referenced Wal-Mart Supercenter #4226 during normal business hours to pick up groceries.
6. Plaintiff Norma Dempsey was lawfully on the premises as a business invitee/customer.

EXHIBIT
tabbies
B

7. At the same time and place, Defendants had a duty to exercise ordinary care to keep the premises and approaches safe for invitees and customers, including Plaintiff.

8. As Plaintiff Norma Dempsey was walking into the supercenter, she encountered a dangerous and hazardous condition in the entryway consisting of damaged flooring, including but not limited to broken/loose tile, uneven flooring, buckled floor covering, unsecured floor mat and/or other unsafe flooring defects (the "Hazard").

9. On or about April 25, 2025, Defendants were responsible for the proper maintenance, repair, cleaning, and safe upkeep of the premises.

10. The Hazard created an unreasonable risk of harm to customers walking in the area.

11. The Hazard was not open and obvious to Plaintiff under the circumstances, including the ordinary distractions and visual conditions in a retail store.

12. The Hazard was located in an area intended for customer foot traffic.

13. Plaintiff Norma Dempsey was injured as a direct result of the negligence of the Defendants.

14. The Defendants failed to exercise reasonable care to prevent injury to the Plaintiff, Norma Dempsey, who was lawfully on the premises at the time of her injury.

15. The Hazard created an unreasonable risk of harm to the Plaintiff and other customers in the store.

16. The Defendants created the unsafe condition or in the alternative, knew or should have known of the unsafe condition, and failed to warn of the unsafe condition.

17. The Defendants' negligent acts and omissions include, but are not limited to, the following:

    a. Defendants failed to maintain the premises in a reasonably safe condition by allowing damaged flooring to remain in a customer walkway;

    b. Defendants failed to properly inspect, maintain, repair, or replace the damaged flooring;

c. Defendants failed to provide adequate warning of the Hazard, including failing to place cones, barricades, warning signs, or other protective measures;

d. Defendants maintained an unsafe condition on the property which created an unreasonable risk of harm to customers;

e. Defendants failed to prevent access by customers to the unsafe area;

f. Defendants failed to exercise ordinary care under the conditions and circumstances then existing;

g. Defendants failed to train employees regarding identification and remediation of trip hazards; and

h. Defendants failed to implement or follow reasonable safety policies and inspection protocols.

18. In addition, and/or in the alternative, the Defendants are liable under the doctrine of *res ispa loquitur*.

19. The Defendants were negligent and/or negligent *per se* in failing to keep the premises fit and failing to keep the premises in a safe condition.

20. As a direct and proximate result of the Hazard and Defendants' negligence, Plaintiff tripped and fell violently to the floor.

21. Plaintiff sustained serious injuries as a result and has required medical care and treatment.

22. As a direct and proximate result of the negligence of the Defendants, Plaintiff Norma Dempsey will suffer permanent physical injury, impairment, and dysfunction. The pain and physical dysfunction have interfered with her activities of daily living and have caused a loss of enjoyment of life. Plaintiff Norma Dempsey has experienced great pain and suffering and will continue to experience pain and suffering in the future. Plaintiff Norma Dempsey has incurred medical expenses and will continue to incur medical expenses in the future.

23. For her injuries, pain and suffering, medical expenses, permanent disability, and loss of enjoyment of life, Plaintiff Norma Dempsey is entitled to recover damages from the Defendant in a reasonable sum to be determined by a jury, not to exceed $500,000.00, plus the costs of this cause.

WHEREFORE, Plaintiff demands:

a. That Plaintiff have judgment against the Defendants in a reasonable sum to be determined by a jury, not to exceed $500,000.00, plus costs;

b. That a jury be empaneled to try the issues when joined; and,

c. That she have such other and further relief as may be just and proper.

Respectfully submitted,

THE HAMILTON FIRM

By: ______________________________

Annette T. Kelley, BPR #021796
Patrick A. Cruise, BPR #024099
*Attorneys for Plaintiff*
601 E. Main Street
Chattanooga, TN 37408
Phone: (423) 634-0871
Fax: (423) 634-0874